UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BLAIR B. CHATTLEY,

                                      Plaintiff,

                                      DECISION AND ORDER
      -v-                                        05-CV-6690 CJS

NICHOLAS A. BADO., individually and as a
Lieutenant within the Town of Tonawanda
Police Department,
                                  Defendant.

_____

INTRODUCTION

This is an action in which the Plaintiff is asserting claims against the Defendant, a police officer, for false arrest and malicious prosecution, under 42 U.S.C. § 1983. Now before the Court is Defendant's motion [#13] for summary judgment.[1] For the reasons that follow, the application is granted.

BACKGROUND

Unless otherwise noted, the following are the undisputed facts of this case viewed in the light most favorable to Plaintiff. On March 1, 2005, Plaintiff had a "misunderstanding" with his "live-in girlfriend." Amended Complaint [#9] at 2. In order to avoid an "altercation" with her, Plaintiff took his automobile and went to a friend's house. Plaintiff's girlfriend called the police in an attempt to obtain a set of car keys

---

[1] Defendant originally filed this motion as a motion to dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b)(6). However, the Court subsequently converted the motion to a motion for summary judgment, gave the parties notice and an opportunity to supplement the record, and provided the plaintiff with an *Irby* notice. See, Order [#27] and *Irby* Notice [#28].

from Plaintiff, and apparently, she told Defendant that Plaintiff's car belonged to her.  At 6:32 p.m., Defendant called Plaintiff's cell phone "in an attempt to secure a set of keys" to the car. *Id*.  In that regard, Plaintiff's phone records show that on March 1, 2005 at 6:32 pm, Defendant called Plaintiff's cell phone, and that at 6:36 pm, Plaintiff placed a return call to Defendant's phone. *See*, Amended Complaint [#9] at 2 and attached phone record.   According to Defendant, Plaintiff called Defendant's phone and identified himself as Blair, and when Defendant identified himself as a police officer, Plaintiff stated, in relevant part: "You're not a fuckin' cop, what's your name?"; "You're just a little bitch & I'm gonna beat your ass if I find you."; and "You better hope I don't find you, I'm gonna fuckin'kill you." *See*, attachment to Amended Complaint [#9].

Defendant filed an information/complaint in Town of Tonawanda Justice Court, charging Plaintiff with Aggravated Harassment in the Second Degree in violation of New York Penal Law § 240.30(1)(a), which provides: "A person is guilty of aggravated harassment in the second degree when with intent to harass, annoy, threaten or alarm another person, he or she . . . communicates with a person, anonymously or otherwise, by telephone . . . in a manner likely to cause annoyance or alarm."  The information/complaint stated that Plaintiff "did threaten Police Officer Bado by initiating a phone call to a department issued cell phone and telling the officer that he was going to beat his ass and kill him if he found him."  Attached to the information/complaint was a notice pursuant to New York Criminal Procedure Law § 710.30, which set forth the specific statements that Plaintiff had made during the conversation with Defendant. *See*, attachment to Amended Complaint [#9].  Plaintiff moved to dismiss the charges

against him, on the grounds of "prosecuting misconduct on part of arresting officer, plaintiff's right to speedy trial, and charges facially insufficient." Amended Complaint [#9] at 4.  The District Attorney did not respond to the motion, and the charges were eventually dismissed.

On November 30, 2005, Plaintiff commenced the subject action, alleging claims for false arrest and malicious prosecution. Amended Complaint [#9].  Plaintiff maintains that Defendant's actions were wrongful because Defendant did not attempt to verify the ownership of the automobile before calling Plaintiff's cell phone. *Id*. at 2.   Plaintiff further maintains that Defendant falsely indicated that Plaintiff had initiated his phone call to Defendant's cell phone, without mentioning that he had called Plaintiff first. Plaintiff also contends that Defendant had no basis to identify him as the caller, since Defendant was not personally familiar with Plaintiff's voice. *Id*. at 3.  And finally, Plaintiff alleges that Defendant lacked "probable cause [to] call Plaintiff's cell phone without evidence enough to believe a crime had been committed, and without investigation as to ownership of said property." *Id*.

Defendant filed a motion to dismiss the Amended Complaint [#13] pursuant to FRCP 12(b)(6).  Defendant argued that the Amended Complaint failed to state a claim for either false arrest or malicious prosecution, since it did not allege a lack of probable cause, malice or favorable termination of the criminal charges.  Alternatively, Defendant argued that he was entitled to qualified immunity.  *See*, Memo of Law [#15].  Plaintiff countered that it was not his duty to prove a lack of probable cause, but rather, it was Defendant's burden to prove that he had probable cause to "invade Plaintiff's privacy"

by calling him on the telephone: "It's not the Plaintiff's position to prove the Defendant had probable cause. It's Defendant's position to show facts of why he had probable cause to invade Plaintiff's privacy and his right to be secure in his person against unreasonable invasion of Plaintiff's rights." Opposition [#17] at 4. Additionally, Plaintiff argued that Defendant never should have called him regarding the car keys, since Plaintiff's girlfriend had made similar complaints previously, and other police officers had determined that Plaintiff owned the car in question. *Id*. ("This officer's own fellow officers twice made reports informing the same complainant that they could do nothing for her, because the car was not registered to her."). Plaintiff also argued that the criminal proceeding had terminated in his favor, and that Defendant was not entitled to qualified immunity.[2]

On October 16, 2008, the Court converted Defendant's motion to dismiss into a motion for summary judgment. *See*, Order [#27]. The Court also provided the parties with an opportunity to supplement their submissions, though neither party did so.

## ANALYSIS

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See,*

---

[2] Plaintiff also alleged that Defendant had defaulted in answering or moving against the Amended Complaint in a timely manner. However, that is factually incorrect. *See*, Banas Reply Declaration [#20].

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  "[T]he movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.).  "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir. 1996)(*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)), *cert denied*, 517 U.S. 1190 (1996).

      The burden then shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e);  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249; *see also*, FED. R. CIV. P. 56(e)("When a motion for summary judgment is made and supported as provided in this rule, and adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.").  The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993).  The

parties may only carry their respective burdens by producing evidentiary proof in admissible form. FED. R. CIV. P. 56(e).  Moreover, since Plaintiff is proceeding *pro se*, the Court is required to construe his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

Plaintiff is suing pursuant to 42 U.S.C. § 1983, and the legal principles applicable to such claims are well settled:

> In order to establish individual liability under § 1983, a plaintiff must show (a) that the defendant is a "person" acting "under the color of state law," and (b) that the defendant caused the plaintiff to be deprived of a federal right. See, *e.g., Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Additionally, "[i]n this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.1977).

*Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004).

Plaintiff claims that Defendant violated his constitutional rights by committing false arrest and malicious prosecution.  With regard to the first of these claims,

> [a] section 1983 claim for false arrest arises under the Fourth Amendment right to be free from unreasonable seizures and is identical to a claim for false arrest under New York law.  False arrest and false imprisonment are synonymous under New York law.  To establish a claim for false arrest or false imprisonment, a plaintiff must show that "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged.  A confinement is privileged if probable cause exists for its initiation.

*Williams v. City of New York*, No. 05 Civ. 10230(SAS), 2007 WL 2214390 at *4 (S.D.N.Y. Jul. 26, 2007) (Footnotes and internal quotation marks omitted).  Further in regard to probable cause,

> [t]he existence of probable cause to arrest is a complete defense to a false arrest claim.  In general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts

6

> and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.  However, in order to establish probable cause, it is not necessary to make a prima facie showing of criminal activity or to demonstrate that it is more probable than not that a crime has been or is being committed.  In contrast, probable cause requires only the possibility of criminal activity or the possibility that evidence of a crime will be found.
>
> ***
>
> Further, it is well-settled that the question of whether or not probable cause existed may be determin[ed] as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers .  Conversely, where the question of whether an arresting officer had probable cause is predominantly factual in nature, as where there is a dispute as to the pertinent events, the existence vel non of probable cause is to be decided by the jury .

*Id.* at *5 (Footnotes and internal quotation marks omitted).

The legal principles concerning a claim for malicious prosecution are similarly well-settled:

> In order to establish a claim for malicious prosecution under  section 1983 , a plaintiff must also allege all of the elements of malicious prosecution under state law.  Under New York law, to prevail on a claim of malicious prosecution, a plaintiff must show: "(1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in the plaintiff's favor .

*Williams v. City of New York*, 2007 WL 2214390 at *5 (Footnotes and internal quotation marks omitted).  For purposes of malicious prosecution, "[p]robable cause is defined as such facts and circumstances as would lead a reasonable prudent person in like circumstances to believe plaintiff guilty." *Id*. at *6 (footnote and internal quotation marks omitted).

In the instant case, Defendant maintains that he is entitled to summary judgment because he had probable cause to arrest and prosecute Plaintiff.  Based on the record

7

before it, the Court agrees. As Defendant correctly states,

> [t]he Amended Complaint does not allege that no call was made from Plaintiff's cell phone to the phone possessed by Lieutenant Bado, nor does it even dispute the harassing nature of the phone call. In fact, the phone records submitted as an exhibit to Plaintiff's Amended Complaint show that a phone call was indeed made from Plaintiff's cell phone to Lieutenant Bado's cell phone minutes after Lieutenant Bado called the Plaintiff regarding the missing keys.
>
> ***
>
> The fact that a call was placed to Lieutenant Bado from Plaintiff's cell phone mere minutes after the Lieutenant called Plaintiff regarding the missing keys, coupled with the fact that the 'anonymous' caller specifically identified himself as Plaintiff ("Blair"), was more than sufficient . . . for the Lieutenant to believe that the caller was indeed Plaintiff himself. The facts available to Lieutenant Bado, as alleged in the Amended Complaint and its annexed phone records, were sufficient to warrant a prudent person to believe that the suspect had committed or was committing an offense.

Defendant's Memo of Law [#15] at 4 (citation and quotation marks omitted). Plaintiff responds that "Defendant cannot even prove that harmful words were spoken." *Id*. However, that is incorrect, since Defendant's sworn supporting deposition states that Plaintiff told him that "he was going to beat his ass and kill him if he found him." On the other hand, Plaintiff has not denied that he made the threatening statements attributed to him by Defendant. Instead, Plaintiff downplays his comments by characterizing them as "an angry response to an annoying telephone call." (Opposition [#17] at 6).

Plaintiff incorrectly believes that the issue is whether Defendant had probable cause "to invade Plaintiff's privacy." However, Defendant did not need probable cause to call Plaintiff's cell phone. The question before the Court is simply whether Defendant had probable cause to believe that he was speaking to Plaintiff on the telephone, and that Plaintiff engaged in the conduct for which he was charged. Clearly, that question must be answered in the affirmative.

Defendant has produced evidence that he had probable cause to arrest and prosecute Plaintiff.  In response, Plaintiff has not come forward with evidence of any genuine issue of fact for trial.  Accordingly, Defendant is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, defendants' summary judgment motion [#13] is granted, and this action is dismissed with prejudice.  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

So Ordered.

Dated: Rochester, New York
November 5, 2008

ENTER:

 /s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge